**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1272-16T4

JEFFREY S. FELD,

     Plaintiff-Appellant,

v.

CITY OF NEWARK, ALPHA
DRIVE, LLC, and HIGH STREET
HEIGHTS, LLC,

     Defendants-Respondents.

_____

Submitted February 7, 2018 – Decided May 30, 2019

Before Judges Fuentes and Koblitz.

On appeal from Superior Court of New Jersey, Law Division, Essex County, Docket No. L-0953-16.

Jeffrey S. Feld, appellant pro se.

De Cotiis FitzPatrick Cole & Giblin LLP, attorneys for respondent City of Newark (John P. Profita, on the brief).

Connell Folley LLP, attorneys for respondents Alpha Drive, LLC, and High Street Heights, LLC (Mary Hurley Kellett, of counsel and on the brief).

The opinion of the court was delivered by

FUENTES, P.J.A.D.

Plaintiff Jeffrey S. Feld appeals from two orders entered by the Law Division dismissing his complaint challenging a tax abatement awarded by the City of Newark to High Street Heights, LLC and Alpha Drive, LLC, on January 15, 2015, pursuant to the Long Term Tax Exemption Law (LTTEL), N.J.S.A. 40A:20-1 to -22. The court concluded plaintiff lacked standing to challenge this municipal decision because he does not reside in Newark nor does he pay real estate taxes on property he owns in Newark. Plaintiff argues his standing is derived from the real estate taxes he pays on property he owns in Essex County, the Open Public Records Act (OPRA), N.J.S.A. 47:1A-1 to -13, the Open Public Meetings Act (OPMA), N.J.S.A. 10:4-6 to -21, the Uniform Declaratory Judgment Act, N.J.S.A. 2A:16-50 to -62, and the New Jersey Housing and Mortgage Finance Agency Law of 1983 (Mortgage Law), N.J.S.A. 55:14K-1 to -93. We reject these arguments and affirm.

Plaintiff filed an action in lieu of a prerogative writs[1] against defendants on February 9, 2016, seeking a declaratory judgment invalidating defendants'

_____

[1] See Rule 4:69-1 to -7.

A-1272-16T4

tax abatement. All of the named defendants filed responsive pleadings that contained a number of affirmative defenses, including plaintiff's lack of standing and failure to state a legally cognizable claim. On August 17, 2016, defendants filed a motion to dismiss plaintiff's complaint pursuant to Rule 4:6-2(e) for failure to state a claim upon which relief could be granted, and because plaintiff lacked standing to challenge the City's decision to award a tax abatement under LTTEL. Judge Stephanie A. Mitterthoff heard oral argument on the motion on September 30, 2016. That same day, Judge Mitterthoff entered an order granting the City's motion, accompanied by an oral opinion in which she explained the legal and factual basis for her ruling. R. 1:7-4(a). Judge Mitterthoff found plaintiff did not have standing to bring an action against defendants because he did not reside nor own real property in Newark. She also found defendant did not allege facts nor provide a legal basis to support any claim for relief under OPMA or OPRA. Judge Mitterthoff also denied plaintiff's motion for reconsideration based on his failure to provide any basis for the court to reconsider its prior order dismissing his complaint.

We affirm substantially for the reasons expressed by Judge Mitterthoff. We make only the following brief comments. Standing is a threshold determination a trial court must make to determine a plaintiff's legal ability to

maintain and prosecute a civil action. In re Adoption of Baby T., 160 N.J. 332, 340 (1999); Watkins v. Resorts Int'l Hotel & Casino, Inc., 124 N.J. 398, 421 (1991). To establish standing, a litigant must have "a sufficient stake and real adverseness with respect to the subject matter of the litigation [and a] substantial likelihood of some harm . . . in the event of an unfavorable decision." Adoption of Baby T., 160 N.J. at 340 (citation omitted). In cases involving issues of great public importance, even a "'slight additional private interest' will be sufficient to afford standing." Salorio v. Glaser, 82 N.J. 482, 491 (1980).

Thus, our courts have granted "a broad right in taxpayers and citizens of a municipality to seek review of local legislative action without proof of unique financial detriment to them." Kozesnik v. Twp. of Montgomery, 24 N.J. 154, 177 (1957). However, although judges in this State employ an expansive, liberal view in determining a plaintiff's standing to sue, Jen Elec., Inc. v. Cty. of Essex, 197 N.J. 627, 645 (2009), we will not "entertain proceedings by plaintiffs who are 'mere intermeddlers' or are merely interlopers or strangers to the dispute." Crescent Park Tenants Ass'n v. Realty Equities Corp. of N.Y., 58 N.J. 98, 107 (1971) (citation omitted).

Here, plaintiff has demonstrated he is the quintessential interloper courts have historically found lack standing to challenge an action taken by a

municipality. He does not have a legally cognizable stake in Newark's decision to award this tax abatement nor a substantial likelihood he will experience some harm if the court returns an unfavorable decision. Plaintiff's arguments lack sufficient merit to warrant further discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION